T.C. Memo. 1996-394


UNITED STATES TAX COURT


W. C. BENSON AND LINDA R. BENSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4006-95.                    Filed August 26, 1996.


W. C. Benson, pro se.

<u>Vicki L. Miller</u>, for respondent.


MEMORANDUM OPINION

KÖRNER, <u>Judge</u>:  Respondent determined deficiencies in and
accuracy-related penalties on petitioners' Federal income taxes
for the years 1990 and 1991 as follows:

| Year | Deficiency | Penalty<br>Sec. 6662 |
|------|------------|----------------------|
| 1990 | $1,316.56  | $263.31              |
| 1991 | 10,817.41  | 1,991.45             |

All statutory references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.

Petitioners W. C. and Linda R. Benson, husband and wife, filed joint income tax returns for the calendar years 1990 and 1991. At the time the petition herein was filed, petitioners were residents of Memphis, Tennessee.

By stipulation, petitioners agreed to the adjustment made by respondent to petitioners' income for 1990 and 1991 on account of income from pension and profit-sharing plans in the respective amounts of $2,250 and $6,250. The parties also agreed that petitioners are entitled to an additional deduction for car and truck repairs and maintenance expenses in the amount of $550.12 in 1991, over that which was allowed by respondent. In all other respects, respondent has made no concessions with regard to the propriety of the statutory notice issued to petitioners nor of the issues herein.

Except as otherwise provided by statute or by Rule of this Court, the burden of proof is on petitioner to demonstrate that respondent's determination was in error and, if necessary, the amount thereof. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Except for the concessions that the parties have agreed to, mentioned above, there is no evidence in this record from which the Court can conclude that respondent erred in any respect

in the determination that is the subject of this appeal. No one testified at the trial herein except petitioner W. C. Benson, and his testimony was rambling, discursive, and provided no facts, either through testimony or admissible exhibits, which would assist the Court in making meaningful findings of fact. Petitioners' brief was likewise of no assistance.

We must conclude that, with the exception of the items specifically mentioned by the parties and included in the written stipulations, petitioners have completely failed to demonstrate any error with respect to respondent's determinations for the years 1990 and 1991. This includes the determined penalties under section 6662. These penalties were not mentioned at trial or on brief. It is uncertain whether petitioners intended to concede them or not; in any case, the burden of proof was on them, Enoch v. Commissioner, 57 T.C. 781, 803 (1972); Bixby v. Commissioner, 58 T.C. 757, 791 (1972), and petitioners failed to carry their necessary burden.

Decision will be entered

under Rule 155.